

FILED
03 NOV 12 AM 7:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 12 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| AMY INGRAM, et al., | ] |
| Plaintiffs, | ] |
| vs. | ] CV-03-CO-02523-W |
| THE BOYD SCHOOL, INC., | ] |
| Defendant, | ] |
| GENERALI US BRANCH, | ] |
| Garnishee. | ] |

## MEMORANDUM OF OPINION

I.   Introduction.

Presently before the court is the Motion to Dismiss or in the Alternative to Stay Proceedings filed by Generali US Branch (hereinafter "Generali") [Doc. # 2] and the Motion to Remand filed by Amy Ingram, as mother and next friend of Victoria Elizabeth Ingram, Amy Ingram and Jonathan Ingram (hereinafter jointly "Ingram"). [Doc. # 5]. The issues raised in these motions have been sufficiently briefed by the parties and are now ripe for decision.

II.     Factual Summary.

On May 21, 2003, Ingram obtained a consent judgment in the Circuit Court of Bibb County, Alabama, against the Boyd School, Inc., (hereinafter "Boyd"). Generali, who was a liability insurer of Boyd was not a party to the consent judgment but was a party to a separate insurance coverage action then pending in Bibb County, Alabama Circuit Court. On August 14, 2003, Generali was served with a summons and writ of garnishment wherein Ingram sought to collect from Generali the consent judgment. On September 12, 2003, Generali removed the garnishment based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *See* Notice of Removal [Doc. # 1].

It is undisputed that Boyd and the Ingrams are citizens of Alabama. Generali alleges that it is "a foreign insurer that is managed by Genamerica Management Corporation, a corporation organized under the laws of the State of New York with its principal place of business being New York, New York." *See* Notice of Removal [Doc. # 1].

The judgment that is the subject of the garnishment and thus the amount in controversy exceeds the jurisdictional amount of $75,000

exclusive of interest and costs.

III. Discussion.

The federal courts are courts of limited jurisdiction. "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). This court cannot consider the Motion to Dismiss or in the Alternative to Stay Proceedings filed by Generali unless it has jurisdiction. Succinctly stated, "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869). This court must therefore rule on the motion to remand, thus determining if it has jurisdiction, prior to addressing the remaining issues.

Because Generali removed this action, it has the burden of establishing the propriety of subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Generali contends that its removal of this case was proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

As removed, there is no diversity of citizenship because Ingram and Boyd are citizens of Alabama. Generali argues that this court should cure

that defect by realigning the parties so that Boyd becomes a plaintiff along with Ingram. In support of this argument, Generali points this court to the case of *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941). For the reasons stated herein, it is not necessary to decide whether or not to realign the parties. Even if this court grants Generali's request, the requirement that Generali demonstrate diversity of citizenship would still prevent this court from obtaining jurisdiction.

Ingram asserts that because of 28 U.S.C. § 1332(c)(1), Generali is to be considered a citizen of Alabama. The statute states in pertinent part:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principle place of business. 28 U.S.C. § 1332(c)(1).

Ingram maintains that the garnishment action they filed against Generali is a "direct action against the insurer of a policy or contract of

liability insurance . . . " and therefore Generali is to be considered a citizen of the same state as its insured, Boyd. If § 1332 (c)(1) applies, diversity of citizenship would not exist.

There is little case law upon which to rely in determining how 28 U.S.C. § 1332(c)(1) applies to the removal of a garnishment action. Ingram refers this court to *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F. Supp. 2d 1298 (M.D. Ala. 2001) as well as other cases holding a garnishment to be a "direct action." Generali points principally to *Freeman v. Walley*, 276 F. Supp. 2d 597 (S.D. Miss. 2003) holding the opposite.

Most of the courts that have addressed the issue conclude that 28 U.S.C. § 1332(c)(1) was amended to prevent the removal of actions where a plaintiff is permitted to sue the tortfeasor's liability insurance provider directly without suing the tortfeasor. This type action is apparently most common in the state courts of Louisiana and Wisconsin.[1]

---

[1] "Senate Report No. 1308, U.S. Code Congressional and Administrative News, 88 Cong. 2nd Sess. 1964, Vol. 2, pages 2778-2779, filed in connection with the amendment, shows that the proviso was enacted to take care of a situation arising in the States of Wisconsin and Louisiana, as a result of the enactment of 'direct action' statutes in those states permitting suits directly against the insurance companies without joining the insured." *Henderson v. Selective Ins. Co.* 369 F.2d 143, 149 (6th Cir. 1966).

When considering this argument, the U.S. District Court for the Eastern District of Missouri concluded that "Missouri's equitable garnishment statute essentially does in two steps what the Louisiana statute that lead to the change in § 1332(c)(1) did in one step, and provides to the suing plaintiff the same remedy that a direct action against the insurance company would have provided, were that allowed under Missouri law." *Prendergast v. Alliance Gen. Ins. Co.*, 921 F. Supp. 653, 655 (E.D. Mo. 1996). The *Prendergast* court went on to find § 1332(c)(1) applicable and remanded the case. A comparison of the statute quoted in *Prendergast* with the Alabama garnishment statute reveals that they are nearly identical. *See* Ala. Code § 27-23-2 (1975). The logic followed by the *Prendergast* court is compelling albeit not controlling.

In a 1975 decision, the United States Court of Appeals for the Fifth Circuit considered the application of § 1332 in an action where an insured and his insurer were sued to collect damages. *See O. M. Greene Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509 (5th Cir. 1975). The *Greene*

*Livestock* court found the action to be a "direct action," applied § 1332 and dismissed the case for failure of complete diversity of citizenship. *Id*. The court found the plaintiff to have converted it to a "direct action" when it dismissed the insured as a party defendant despite the fact that the insured remained as a third-party defendant. *Id*. at 510. The *Greene Livestock* court gave "the statute the broad interpretation it deserves in light of the harm Congress sought to remedy." *Id*. at 510. The Eleventh Circuit adopted the decisions of the Fifth Circuit made prior to October 1, 1981, such as *Greene Livestock*, as precedent when the Eleventh Circuit was created. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). This court is thus bound by such decisions.

If this court does not grant Generali's request to realign the parties, there is no complete diversity of citizenship as Ingram and Boyd are both citizens of Alabama. If this court grants the request to realign the parties, the action would become a "direct action" in which the insured is not a party-defendant and thus Generali would be considered a resident of Alabama. *See O. M. Greene Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509 (5th Cir. 1975). Whether the request to realign the parties is granted

or not, Generali cannot demonstrate complete diversity of citizenship.

While it appears to this court that the case is due to be remanded, it is clear that there are doubts as to whether the case was properly removed. "Doubts as to whether removal of an action is permissible should be resolved against removal." *Key Bank U.S.A., N.A. v. First Union Nat. Bank of Florida*, 234 B.R. 827, 829 (M.D. Fla. 1999) (citing *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir. 1994)).

IV.    Conclusion.

In sum, the Motion to Remand filed by Ingram [Doc. # 5] will be granted and this cause will be remanded to the Circuit Court of Bibb County, whence it was improvidently removed. This court is of the opinion that it does not have jurisdiction and therefore the Motion to Dismiss or in the Alternative to Stay Proceedings filed by Generali [Doc. # 2] will remain pending for determination by the appropriate state court judge. A separate order will be entered.

Done, this 10 day of November, 2003.

                                            L. SCOTT COOGLER
                                      UNITED STATES DISTRICT JUDGE